**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cv-60048-BLOOM/Valle**

**US BANK NA**, as Legal Title
Trustee for Truman 2013,

      Plaintiff,

v.

**JOSEFINA HERRERA**,

      Defendants.

_____/

**ORDER**

      **THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand to State Court and Award for Attorneys' Fees and Costs, ECF No. [11] ("Motion" or "Mot."). Plaintiff's predecessor-in-interest, Bank of America, N.A., originally filed the instant foreclosure action against Defendant Josefina Herrera ("Defendant") in the Eleventh Judicial Circuit Court of Florida, for Broward County, Florida (hereinafter, the "Circuit Court") on December 9, 2011. *See generally* ECF Nos. [1], [1-2] (the "Foreclosure Action"). More than four years later, on January 11, 2016, Defendant filed a Notice of Removal, ECF No. [5] (the "Notice"), to District Court. The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, Plaintiff's Motion to Remand is granted.

      The Defendant filed this Notice of Removal on proceeding on January 11, 2016. This controversy arises from Note and Mortgage executed by Defendant on August 1, 2007, in the amount of $865,350.00. ECF No. [11-1] ("Mortgage"). The Mortgage was subsequently assigned to Plaintiff Bank of America, N.A., as Legal Title Trustee for Truman 2013 ("Plaintiff"). *See* Mot. at 2. The Plaintiff, as a result, holds a security interest in the subject

property located at 18112 SW 41ST ST, MIRAMAR, FL 33029 ("Property").  *Id.*

During the Foreclosure Action, the Defendant filed a prior bankruptcy proceeding, case number 14-26396, where she indicated an intent to retain the Property if modified through the modification program.  *Id.*  However, the Debtor never sought mediation during bankruptcy, never executed a reaffirmation agreement, and obtained a discharge of the underlying debt.  The Plaintiff obtained a consent Summary Final Judgment of Foreclosure on April 23, 2015 in the amount of $1,126,825.71, with an extended sale date to July 22, 2015.  ECF No. [11-2] ("Judgment").  This Judgment was entered pursuant to an agreement between the parties in which the Foreclosure Court granted Defendant's request to cancel the foreclosure sale due to a pending Short Sale, and provided a new sale date for October 20, 2015.  ECF No. [11-4].  Prior to the October 20th Sale, the Defendant filed a Federal Action for FCCPA, FDCPA, and TCPA claims against the Plaintiff and its servicer, pending before this Court as case number 15-cv-62156.  *Id.* at 2-3.  Shortly thereafter, Defendant again sought to cancel the foreclosure sale due to loss mitigation.  *Id.* at 3.  The Defendant's request was granted, the sale was reset to December 3, 2015, and the Foreclosure Court held that there would be no further cancelations permitted.  *Id.*  Again, the Defendant sought to cancel the foreclosure sale for the third time, despite being instructed no further cancelations would be permitted.  *Id.*  The Court granted the request, nevertheless, resetting the sale to January 13, 2016, and again holding that no further cancelations were permitted.  *Id.*

Prior to the January sale date, the Defendant removed the Foreclosure Action to this Court.  *Id.*  Then, the Debtor filed a second bankruptcy case on the day of the foreclosure sale. Pursuant to the Defendant's Motion to Extend Deadline for Filing Deficiencies in her bankruptcy case, the sole purpose of the Chapter 11 proceeding is to allow the Defendant more time to sell

the property, as the Foreclosure Court will not allow any further cancelations of sale, and the prior buyer walked away from the contract. The Defendant currently does not have a short sale pending.

The federal removal statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). "The untimeliness of a removal is a procedural, instead of a jurisdictional, defect." *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997). However, "[t]his thirty-day time period is mandatory and may not be extended by the court." *Liebig v. DeJoy*, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993); *see also Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1064 (S.D. Fla. 1995) ("The removal procedures are strictly construed because of this Court's limited removal jurisdiction."); *Harbor Commc'ns, LLC v. S. Light, LLC*, 2015 WL 419854, at *2 (S.D. Ala. Feb. 2, 2015) ("Though not jurisdictional, the 30-day removal period is 'a strictly applied rule of procedure that may not be extended by the court.'") quoting *BBC Apartments, Ltd. v. Browning*, 994 F. Supp. 1440, 1442 (S.D. Fla. 1997). "[I]f defendant's motion for removal is untimely, such a defect in removal renders the action subject to remand." *BCC Apartments, Ltd. v. Browning*, 994 F. Supp. 1440, 1442 (S.D. Fla. 1997). The burden of proof is on the removing party to present facts establishing its right to removal. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996).

Defendant filed her Notice of Removal years after the Foreclosure Action was commenced before the Circuit Court and years after she was first notified of the action. Final disposition of the Foreclosure Action was rendered almost one year ago, on July 21, 2015. ECF No. [1-4]. The Circuit Court ordered on two separate occasions that no further cancelations of the sale are permitted. Defendant is clearly exhausting every potential option, including District

Court and Bankruptcy Court, in an attempt to delay the state court proceedings. Moreover, the Notice of Removal to this Court is severely untimely and is subject to remand on that basis alone.  *See*, *e.g.*, *HSBC Bank USA, N.A. v. Anderson*, 2012 WL 4896686, at *2 (M.D. Fla. Sept. 24, 2012) ("To the extent Defendants purport to remove the original mortgage foreclosure complaint, such removal is untimely as it occurred years after the commencement of the action.").

Furthermore, Defendant has not presented a basis for this Court's subject matter jurisdiction.  Although invoking the FDCPA in a vague allegation of "Deceptive Collection Activity," *see* Notice, the Court is unable to locate any answer, responsive pleading, or counter-claim *from the Foreclosure Action* by Defendant against Plaintiff asserting claims for violation of that statute.  Even if it could, Defendant's hypothetical FDCPA claims would appear to attack the Circuit Court's final judgment in an attempt to re-litigate the foreclosure action in this forum. "The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."  *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (federal district courts have "no authority to review final judgments of a state court"); *Doe v. Florida Bar*, 630 F.3d 1336, 1340-41 (11th Cir. 2011) (where applicable, *Rooker-Feldman* deprives federal court of subject matter jurisdiction).

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Eleventh Judicial Circuit in and for Broward County, Florida.  The Clerk of the Court is **DIRECTED** to remand this case to the Eleventh Judicial Circuit in and for Broward County, Florida, and to transmit a certified copy of this Order to the clerk of that court.  The Clerk of the

Case No. 16-cv-60048-BLOOM/Valle

Court is further directed to **CLOSE** the above-captioned case.  Any pending motions are

**DENIED AS MOOT**.  Any pending deadlines are **TERMINATED**.

   **DONE AND ORDERED** in Miami, Florida, this 25th day of March, 2016.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

Josefina Herrera, pro se
18112 SW 41st Street
Hollywood, FL 33029
Defendant
Josefinah999@gmail.com